# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | |
|---|---|
| JOSE GUADALUPE VILLEGAS PERALTA,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC,<br><br>Defendants. | Case No.: 3:25-cv-1718 (SFR) (TOF)<br><br>**26(f) REPORT OF PARTIES' PLANNING MEETING** |

**Date Complaint Filed:** 10/13/2025
**Date Complaint Served:**
    Equifax Information Services, LLC: 11/6/2025
    Trans Union LLC: 11/7/2025
    Experian Information Solutions, Inc.: 11/5/2025

**Date of Defendants' Appearance:**
    Equifax Information Services, LLC: 11/24/2025
    Trans Union LLC: 11/26/2025
    Experian Information Solutions, Inc.: 11/14/2025

Pursuant to Federal Rule of Civil Procedure 26(f) and D. Conn. L. Civ. R. 16, a conference was held on **December 22, 2025.** The participants were:

Nisan Zaghi, admitted PHV, counsel for Plaintiff Jose Guadalupe Villegas Peralta ("Plaintiff");

Eric J. Rigoli, counsel for Defendant Equifax Information Services, LLC ("Equifax");

Timothy J. Lee, counsel for Defendant Trans Union LLC ("Trans Union")

Eric J. Herst, counsel for Defendant Experian Information Solutions, Inc. ("Experian")

## I. CERTIFICATION

Undersigned counsels (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.

Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

*[Provide a statement of the basis for subject matter jurisdiction with appropriate statutory citations. If defendant denies plaintiff's allegation of subject matter jurisdiction, defendant must specify the basis for the denial. In cases where the basis for subject matter jurisdiction is diversity of citizenship, if any party is a partnership, limited liability partnership, or limited liability company or corporation, provide the citizenship of each partner, general partner, limited partner and/or member, and if any such partner, general partner, limited partner or member is itself a partnership, limited liability partnership, or limited liability company or corporation, provide the citizenship of each partner and/or member.]*

Plaintiff's Statement:

Jurisdiction arises under 28 U.S.C. 1331 and 15 U.S.C. 1681p.

Venue is proper pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in this District.

### B. Personal Jurisdiction

*[State whether personal jurisdiction is contested and, if it is, summarize the parties' competing positions].*
Parties do not contest jurisdiction or venue, but reserve the right to do so.

## III. BRIEF DESCRIPTION OF CASE

*[Briefly summarize the claims and defenses of all parties and describe the relief sought. If the parties cannot reach agreement on a joint statement, each party must provide a short separate statement. The requirement that the parties briefly summarize their claims and defenses is not intended to be unduly burdensome. The parties are obliged to discuss and consider the nature of their claims and defenses at the planning conference in order to formulate a meaningful case management plan. Moreover, the presiding judge needs to be informed of the nature of the claims*

*and defenses in order to evaluate the reasonableness of that proposed plan. The statement of the parties' claims and defenses, whether set forth jointly or separately, does not preclude any party from raising new claims and defenses as permitted by other applicable law.]*

  **A. Claims of Plaintiff:**

  Plaintiff Jose Guadalupe Villegas Peralta by and through his counsel brings this action on an individual basis, against Defendants to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et. seq. (the "FCRA"). Plaintiff is a victim of identity theft. In or around July 2022, while applying for a Connecticut driver's license, Plaintiff discovered that a license had been fraudulently issued in his name in New Jersey. Upon reviewing his credit reports, Plaintiff learned that his identity had been used to open unauthorized credit card accounts. Plaintiff complied with FCRA procedures by disputing the fraudulent accounts with the three national credit reporting agencies and requesting that the accounts be blocked from his credit file.

  Defendants failed to devise and implement reasonable procedures to ensure the "maximum possible accuracy" of the information reported in Plaintiff's credit reports, in compliance with 15 U.S.C. §1681e(b).

  Defendants failed to conduct a reasonable investigation after receiving Plaintiff's dispute, in compliance with 15 U.S.C. §1681i.

  Defendants failed to block the fraudulent accounts from Plaintiff's credit report within four (4) days of receiving Plaintiff's dispute letter, in compliance with 15 U.S.C. §1681c-2.

  Plaintiff brings this action to recover, inter alia, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of

ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of erroneous credit reports.

    **B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant Equifax:**

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims, denies that it failed to comply with § 1681e(b), § 1681i, § 1681c-2, or any other provision of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and that it conducted reasonable reinvestigations of any disputes it received regarding Plaintiff. Accordingly, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

    **C. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant Trans Union:**

Defendant Trans Union LLC, ("Trans Union") denies Plaintiff's claims, affirmatively denies that it failed to comply with § 1681e(b), § 1681i, § 1681c-2 or any other provision of the FCRA, and denies that it is liable to Plaintiff. The FCRA is not a strict liability statute and does not require Trans Union to maintain error free credit reporting. Rather, Trans Union must maintain and follow reasonable procedures to ensure the maximum possible accuracy of information it reports on consumers, and timely reinvestigate if a consumer disputes information on his or her credit report. At all relevant times, Trans Union followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted a reasonable investigation into any of Plaintiff's disputes when required to do so. Trans Union

further states that at all relevant times, it complied with its obligations and duties under the FCRA and reasonably relied on information provided by credible furnishers of data with respect to Plaintiff. Further, at this time, Trans Union's investigation of the facts of this case are ongoing and it reserves the right to amend or supplement its statement as the facts are developed in discovery.

### D. Position of Defendant Experian

**Settlement Between Plaintiff and Experian**

Plaintiff and Experian have resolved the claims between them in this matter. As noted in the Notice of Settlement as to Defendant Experian Information Solutions, Inc. Only [Dkt. 27], the parties are in the process of finalizing terms and performance attendant to that resolution and anticipate submitting to the Court the necessary dismissal papers on or before February 6, 2026, pursuant to the Court's December, 18, 2025 Order.  [Dkt. 28]. As Plaintiff and Experian have reached a settlement in principle, Experian takes no position as to the discovery plan executed between Plaintiff, Trans Union, and Equifax.  This settlement between Plaintiff and Experian shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Experian of any claim, fault, liability or damages whatsoever.  Experian denies any and all wrongdoing of any kind whatsoever in connection with Plaintiff's lawsuit and does not concede any infirmity in the defenses which it has asserted or intends to assert.

## IV. <u>STATEMENT OF UNDISPUTED FACTS</u>

*[The Court expects that in most cases there will be facts that are not genuinely disputed, and urges counsel and self-represented parties to assist the Court in identifying such facts, as part of their obligation to promote the "just, speedy and inexpensive determination of every action."]*

Counsels certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and that they expect to be able to prepare a list of undisputed facts after conducting discovery.

## V. CASE MANAGEMENT PLAN:

### A. Initial Disclosures

Initial disclosures will be served by **January 5, 2026.**

### B. Scheduling Conference

1. The parties **request** to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted **by telephone.**

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement **is likely at this time.**

2. The parties **do not request** an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with **the presiding District judge**.

4. The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 and 28 U.S.C. § 651.

### D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until **March 23, 2026** to file motions to join additional parties and until **March 23, 2026** to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

6

2. Defendants should be allowed until **March 23, 2026** to file motions to join additional parties and until **March 23, 2026** to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

**E. Discovery**

a) Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: Discovery has not yet been taken. Plaintiff anticipates serving written discovery requests after the Rule 26(f) conference. Plaintiff agrees that the Federal Rules of Civil Procedure will govern discovery and does not request any modifications of the discovery rules.

Equifax's Position: Equifax anticipates the need for written discovery, third party discovery, and depositions. Equifax has not yet determined whether expert discovery will be necessary. Equifax reserves the right to utilize other means of discovery as they become necessary.

Trans Union's Position: Trans Union likewise anticipates the need for written discovery and depositions. Trans Union has not yet determined whether expert discovery will be necessary.

b) The parties anticipate that discovery will be needed on the following subjects: *[list each of the principal issues of fact on which discovery will be needed; a statement that, e.g., "discovery will be needed on liability and damages" is insufficient].*

Plaintiff anticipates conducting discovery on the following subjects:

1. The circumstances surrounding Defendants' collection, verification, furnishing and/or reporting of the credit information at issue in this case;

2. Defendants' policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b);

3. Defendants' policies and procedures regarding receiving a dispute from a consumer, providing notice of the consumer's dispute to the furnisher of the disputed information, and the processes by which Defendants are meant to conduct a reasonable investigation of the information disputed by a consumer;

4. The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s);

5. Defendants' policies and procedures regarding the prevention of the reappearance of inaccurate information, in compliance with 15 U.S.C. § 1681i;

6. Defendants' policies and procedures regarding blocking the reporting of the disputed information which was due to identity theft from Plaintiff's file, in compliance with 15 U.S.C. § 1681c-2;

7. Defendants' maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and

8. Third party discovery necessary to establish causation and damages.

**Equifax:** Based on what is presently known, Equifax anticipates conducting discovery on the following: the factual bases for the allegations in the Complaint; Plaintiff's alleged damages and any connection between Plaintiff's alleged damages and any actions or inactions of Equifax; Plaintiff's credit history and consumer history; any communications between Plaintiff and any co-Defendants; and any communications between Plaintiff and any third parties regarding the matters at issue.

**Trans Union:** Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation contained in Plaintiff's Complaint; Plaintiff's alleged damages; whether any causal relationship exists between Plaintiff's alleged damages and any consumer reports issued, or any other action or inaction, by Trans Union; Plaintiff's financial and consumer history; any communications between Plaintiff and Trans Union; any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and discovery necessitated by discovery sought by Plaintiff.

c) All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **December 22, 2025** and completed (not propounded) by **November 17, 2026.**

d) Discovery **will not** be conducted in phases.

e) If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: **N/A**

f) The parties anticipate that the plaintiff will require a total of 10 depositions of fact witnesses and that the defendants will require a total of:

Equifax: 3 depositions of fact witnesses;

Trans Union: 3 depositions of fact witnesses.

Depositions to commence by **January 21, 2026** and will conclude by **November 17, 2026.**

g) The parties **will not** request permission to serve more than 25 interrogatories.

h) Plaintiff **intends** on calling expert witnesses at trial. Defendant Equifax has not yet determined whether it intends to call expert witnesses at trial. Defendant Trans Union has not yet determined whether to call expert witnesses at trial.

i) Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **August 17, 2026**. Depositions of any such experts will be completed by **September 17, 2026.**

j) Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **October 16, 2026**. Depositions of such experts will be completed by **November 17, 2026.**

k) A damages analysis will be provided by any party who has a claim or counterclaim for damages by **October 16, 2026.**

l) Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

m) Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.

n) The parties agree to the following procedures for the preservation, disclosure and

management of such information.

o) Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including the method and timing of the production of a privilege log and the procedures for asserting privilege claims after production.

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court. The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute. The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search.

If after a reasonable review of the production, Plaintiff or any Defendants determine,

in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court.

The jointly proposed protective order shall include, in the first paragraph, a concise

but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

F.  Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: **N/A**

G.  **Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **December 17, 2026.**

H.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **February 17, 2027.**

VI. **TRIAL READINESS**

The case will be ready for trial by **March 17, 2027.**

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

VII. **ELECTRONIC SERVICE:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or

Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Jose Guadalupe Villegas Peralta | Nisan Zaghi (nzaghi@consumerattorneys.com) <br> Emanuel Kataev (ekataev@consumerattorneys.com) <br> Irina Iakovleva (iiakovleva@consuemrattorneys.com) <br> Ann Stevenson (astevenson@consumerattorneys.com) <br> Maria Kaminsky (mkaminsky@consumerattorneys.com) |
| Defendant Equifax Information Services, LLC | Eric J. Rigoli (erigoli@rc.com) |
| Defendant Trans Union LLC | Timothy J. Lee (tlee@fillaw.com) |
| Defendant Experian Information Solutions, Inc. | Eric J. Herst (EHerst@carmodylaw.com) |

Dated: December 29, 2025

/s/ *Nisan Zaghi*
Nisan Zaghi, NY Bar # 5711072
*Admitted Pro Hac Vice*
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 925-0276
F: (718) 247-8020
E: nzaghi@consumerattorneys.com

Emanuel Kataev, Esq. Bar# 435851
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff,*
*Jose Guadalupe Villegas Peralta*

By: *Eric J. Rigoli*
*Counsel for Equifax Information Services,*

By: *Timothy J. Lee, Esq.*
Timothy J. Lee, Esq. (CT 15118)
Fasano, Ippolito, Lee & Florentine, LLC
107 Montowese Street
Branford, CT 06405
Telephone: (203) 787-6555
Fax: (203) 776-2119
E-Mail: tlee@fillaw.com

*Lead Counsel for Defendant Trans Union LLC*

By: *Eric J. Herst*
Eric J. Herst (ct31399)

| | |
|---|---|
| *LLC* | Carmody Torrance Sandak & Hennessey LLP |
| | 50 Leavenworth Street |
| Eric J. Rigoli (ct31287) | Waterbury, CT 06721-1110 |
| Robinson & Cole LLP | Telephone: 203-575-2604 |
| One State Street | Fax: 203-575-2600 |
| Hartford, CT 06103 | EHerst@carmodylaw.com |
| Phone: 860-275-8200 | |
| Fax: 860-275-8299 | *Attorney for Defendant* |
| E-mail: erigoli@rc.com | *Experian Information Solutions, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER ATTORNEYS**

By: */s/ Ann Stevenson*